UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAA SPORTS LLC, ) | |
| ) | |
| Petitioner / Counterclaim Respondent, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-01887 |
| ) | |
| BEN DOGRA, ) | |
| ) | |
| Respondent / Counterclaim Petitioner. ) | |

## **RESPONDENT BEN DOGRA'S OPPOSITION TO CAA'S MOTION TO SEAL**

COMES NOW Respondent / Counterclaim Petitioner Ben Dogra, by and through counsel, and for his Opposition to the Motion to Seal of Petitioner CAA Sports LLC ("CAA"), states as follows:

CAA has moved to seal both its Petition to Vacate the Arbitrator's Fourth Supplemental Opinion and its Motion to Vacate that Award. The only argument offered by CAA in support of its Motion to Seal is based on the Employment Agreement between Dogra and CAA. The Employment Agreement does not provide good cause for this Court to seal CAA's Petition and Motion, or any other pleadings filed by either side in this case. In fact, to the contrary, the Employment Agreement explicitly provides that while "the arbitration will be confidential", the "award or decision rendered by the arbitrator is final, binding and conclusive and *judgment may be entered upon the award by any court*." See Ex. A, Section P. This means that while the arbitration proceeding may be closed to the public and transcripts of that proceeding shielded from view, the result is to be made public by entry of judgment in a court of law.

Despite this unequivocal statement, CAA asserts that the Arbitrator's Award must be sealed because it contains "details" of the arbitration. *See* CAA Mot. at 1. The plain language of the Employment Agreement does not support this conclusion. Moreover, CAA has now voluntarily placed at issue in this Court the Arbitration Award. As discussed below, the law is clear that when parties move a court to confirm or vacate an arbitration award, privately-contracted confidentiality provisions are outweighed by the public's presumptive access to court documents. Notably, CAA cites no case in its Motion to Seal in support of its position.

As the Court is aware, Mr. Dogra has moved to confirm the Arbitrator's Award in this matter, which includes the original Opinion and Award and the First, Second, Third, and Fourth Supplemental Opinions and Awards (collectively, "the Award"). There is nothing in the Employment Agreement that requires the Award be treated as confidential. Not only does the Employment Agreement itself specifically contemplate that the Award will be filed in court so that judgment upon it may be entered, but the Federal Arbitration Act likewise contemplates public entry of judgment on arbitration awards. *See* 9 U.S.C. § 9. CAA has failed to show good cause for why its Petition to Vacate and Motion to Vacate should be sealed. The Motion to Seal should be denied.

## ARGUMENT

**I.      The Employment Agreement Does Not Require The Award Be Kept Under Seal.**

Mr. Dogra and CAA entered into the Employment Agreement on or about December 31, 2011, with an effective date of January 1, 2012. Ex. A. In Section P of the

2

Employment Agreement, Dogra and CAA agreed to arbitrate any and all disputes between them. That provision reads in full:

> <u>Arbitration</u>.  If a dispute arises under this Agreement which cannot first be resolved through good faith negotiations, the dispute will be submitted to arbitration and resolved by a single arbitrator (who is a lawyer not employed by or associated with either party to this Agreement) in accordance with the Commercial Arbitration Rules of the American Arbitration Association in St. Louis, Missouri then in effect as modified herein. ***All arbitration will be confidential and take place at the main office of the American Arbitration Association located in St. Louis, Missouri.***  Each party is entitled to depose one fact witness and any expert witness retained by the other party, and to conduct such other discovery as the arbitrator deems appropriate. ***The award or decision rendered by the arbitrator is final, binding and conclusive and judgment may be entered upon the award by any court.***  The arbitrator may cause the party against whom the arbitrator's award is issued to pay the fees of the arbitrators.  (emphasis added).

Tellingly, CAA does not quote this provision in its Motion to Seal, despite relying on it and claiming it is controlling.  This is because the text does not support CAA's argument, and because the arbitration provision specifically contemplates the Award being filed in court to confirm the Award.  The Employment Agreement is clear that a court may enter judgment upon the Award in this matter.

Regarding any purported confidentiality, CAA apparently relies on the provision's statement that all "arbitration will be confidential . . . ." *Id.* The full sentence concerning confidentiality of the arbitration reads: "All arbitration will be confidential and *take place* at the main office of the American Arbitration Association located in St. Louis, Missouri." (emphasis added).  By any plain reading, this sentence simply means the proceeding itself

3

will "take place" in St. Louis and will be confidential.[1] The "arbitration" to which confidentiality attaches is the arbitration *proceeding* because the proceeding is what will "take place." When the resulting award or decision of the Arbitrator is discussed later in Section P, there is no mention of confidentiality attaching to that award or decision.

Moreover, Dogra has not sought to introduce into the public record any transcript of the arbitration that took place in St. Louis, Missouri.[2] Instead, Dogra seeks confirmation of the Award, a process specifically contemplated by the Employment Agreement. The confidentiality clause in the Employment Agreement falls far short of providing the "good cause" this Court must find to seal documents under the relevant Local Rule. *See* E.D.Mo, L.R. 83-13.05 (the Court may order documents be sealed upon a showing of good cause).

It should also be noted that this Court's published Requirements provide that a proposed order accompanying a motion to seal must contain "a date certain on which the seal will be lifted or the documents returned to the parties." CAA apparently failed to attach a proposed protective order, so it of course included no such "date certain" and therefore has failed to comply with this Requirement. This Court's Requirements provide that such a failure results in the motion being denied without prejudice.

---

[1] And, to the extent the Court finds such provision ambiguous, such ambiguity should be construed against CAA, which was the drafter of the contract. *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.,* 735 F.3d 993, 1002 (8th Cir. 2013).

[2] Although, under the cases cited below, such transcripts would be properly publicly filed even in the face of an agreement explicitly specifying otherwise (which of course the agreement in this case specifically does not).

4

## II. The Pleadings and Award Are Judicial Documents That Should be Publicly Available.

The Employment Agreement does not require that the Award be kept confidential. In addition, the law is clear that the public's strong interest in having presumptive access to Court documents outweighs any interest the parties have in keeping the Award confidential. CAA's position is untenable under the law regarding motions to confirm arbitration awards. "It is well settled that the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication and are therefore subject to a presumption of public access." *First State Ins. Co. v. Nat'l Cas. Co.*, 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (quotations omitted). "As the Seventh Circuit has explained, once a party seeks judicial review of an arbitration award the confidentiality of that award is...lost absent compelling justification." *Zimmer, Inc. v. Scott*, 2010 WL 3004237, at *2 (N.D. Ill. July 28, 2010) (citing *Union Oil Co. Of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

The Eighth Circuit has applied similar principles and has made clear that "the common-law right of access applies to judicial records in civil proceedings." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "Ultimately, in determining whether to seal documents, the court must balance "the interests served by the common-law right of access…against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Hart v. ITC Serv. Group, Inc.*, 2017 WL 2728439, at *1 (W.D. Mo. June 23, 2017) (quoting *IDT Corp.*, 709 F.3d at 1223). The grounds that may

5

support sealing and demonstrate a compelling interest in secrecy include "trade secrets, the identity of informers, and the privacy of children." *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). Of course, none of these legitimate privacy issues are at play here, nor has CAA advanced any particular interest that would support its Motion to Seal.

Accordingly, the act of seeking to vacate or confirm an arbitration award subjects the award to public view and removes any confidentiality of the arbitration itself. This is consistent through many cases, even those in which some confidentiality agreement is in place. *See, e.g.*, *Richards v. Gibson*, 2016 WL 3659917, at *2 (S.D. Miss. June 30, 2016) ("The Court is of the opinion that the parties' agreement to keep arbitration proceedings confidential does not trump the FAA's provisions authorizing actions to vacate or confirm the arbitration award."); *In re Faiveley Transp. Malmo AB*, 2010 WL 8946362, at *1 (S.D.N.Y. May 10, 2010) ("There is no good reason for the total award to be kept confidential at this stage."); *Martis v. DISH Network*, 2014 WL 2571553, at *7 (W.D. Mich. June 9, 2014), *aff'd sub nom. Martis v. Dish Network Serv., L.L.C.*, 597 Fed. Appx. 301 (6th Cir. 2015) ("As the Magistrate Judge noted: Once the parties resort to the courts, however, their confidentiality agreement does not, and cannot, authorize the sealing of a presumptively public federal court record. The parties are privileged to arbitrate in secret, but they must litigate in public.") (quotations omitted); *Eggs 'N Things Int'l Holdings Pte. Ltd. v. ENT Holdings LLC*, 2012 WL 665038, at *2 (D. Haw. Feb. 29, 2012) ("The fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason [to seal portions of the record]," and denying motion to seal); *Andrews v. Weather Channel*, 2008 WL 11337300, at *2 (N.D. Ga. July 18, 2008)

6

("If a party had wished to keep the award secret, it should have included such a provision in the protective agreement; no such provision exists.").

Moreover, above even what Mr. Dogra has attached to his pleadings in this case, courts have found that the actual arbitration proceedings themselves are not confidential— even if the parties have specifically contracted to them being so. *Martis*, 2014 WL 2571553, at *7, later affirmed by the Sixth Circuit, is instructive. There, the arbitration agreement at issue provided that "all arbitration proceedings, including but not limited to hearings, discovery, settlements, and awards shall be confidential..." *Id.* at *7 n.5 (quoting the parties' arbitration agreement). Faced with this explicit provision, the District Court easily concluded that in an action to vacate the award, "the record of the proceedings will presumptively be a matter of public record." *Id.* at *7. The Court continued: "The parties' agreement to keep arbitration proceedings confidential does not trump the FAA's provisions authorizing actions to vacate or confirm the arbitration award." *Id.* Thus, even where an agreement explicitly held all proceedings and the award itself would be kept confidential (which is vastly different from the agreement at issue here), the Court found all such materials were matters of public record properly filed with the Court. Simply put, the "mere existence of a confidentiality agreement…does not demonstrate that sealing is necessary." *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, 2010 WL 3958791, at *2 (S.D.N.Y. Sept. 23, 2010).

## Conclusion

As one court observed, a party "whose refusal to accept the result of the arbitration is the cause of the current problem, has no claim to keep a lid on its own documents…. It

7

had, and spurned, a sure path to dispute resolution with complete confidentiality: accept the result of the closed arbitration." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002). CAA initiated this litigation and thus lifted the lid on Mr. Dogra's Award.  This Court should deny CAA's Motion to Seal.

Dated: November 21, 2018                                      Respectfully submitted,

| **DOWD BENNETT LLP** | **SPENCER FANE LLP** |
|---|---|
| By:   /s/ John D. Comerford      | |
| James F. Bennett, MO #46826 | Robert Lattinville, MO #41019 |
| John D. Comerford, MO #60164 | Erik O. Solverud, MO #44291 |
| James B. Martin, MO #70219MO | Eric D. Block, MO #65789 |
| 7733 Forsyth Blvd., Suite 1900 | 1 N. Brentwood Blvd., Suite 1000 |
| St. Louis, MO 63105 | St. Louis, MO 63105 |
| Telephone: (314) 889-7300 | Telephone (314) 863-7733 |
| Facsimile: (314) 863-2111 | Facsimile (314) 862-4656 |
| jbennett@dowdbennett.com | blattinville@spencerfane.com |
| jcomerford@dowdbennett.com | esolverud@spencerfane.com |
| jbmartin@dowdbennett.com | eblock@spencerfane.com |

*Attorneys for Respondent / Counterclaim Petitioner Ben Dogra*

### CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2018, the foregoing document was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

  /s/ John D. Comerford      

*Attorneys for Respondent / Counterclaim Petitioner Ben Dogra*