UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAA SPORTS LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-01887-SNLJ |
| | ) |
| BEN DOGRA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on CAA Sports LLC's motion to seal (#4), which has been fully briefed by the parties. For the reasons set forth below, the motion will be **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

CAA Sports files this action under the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*, seeking to vacate an arbitration award between it and defendant, Ben Dogra. Dogra, a former sports agent for CAA Sports, was terminated by CAA Sports on November 13, 2014. The parties' underlying arbitration resolved a dispute between them surrounding Dogra's termination. The current motion is an effort by CAA Sports to seal the arbitration award and supporting documents from public view pursuant to a confidentiality provision in the parties' employment agreement. In support, CAA notes its concerns over past and future media attention related to this case. Dogra opposes the motion.

## II. ANALYSIS

### A. The Parties' Confidentiality Agreement

CAA Sports first argues the confidentiality provision in the employment agreement requires the parties' arbitration to be confidential. Dogra counters that the confidentiality provision applied only to the arbitration itself, and not to subsequent court filings seeking to either vacate or affirm the arbitration award. The employment agreement provides that "[the] arbitration will be confidential," but goes on to state that the "award or decision rendered by the arbitrator is final, binding, and conclusive and judgment may be entered upon the award by any court."

It is a stretch to say the requirement of confidentiality for the arbitration also extends to a review of that arbitration by a court of law. There are no clear indications that it should so extend; for example, the agreement does not say "… judgment may be entered upon the award by any court, *which shall also be confidential*." The Court is inclined to adopt Dogra's narrower reading of the agreement that does not rely on implication and words not spoken.

### B. The Presumption of Public Access to Litigation in the Courts

Even if the confidentiality provision in the employment agreement applied to court proceedings and not merely to the arbitration itself, the motion to seal must still be denied. This is because there is, of course, a long-standing presumption of public access to litigation in the courts. There are exceptions to this general rule in order to protect litigants and interested third-parties—for example, to shield victim identities, protect trade secrets, secure matters of national security, honor the rules of sovereign nations, and

2

conceal personal identifying information such as social security numbers or dates of birth. *United States v. Wash. Post*, 403 U.S. 943, (1971) (national security); *Demaree v. Pederson*, 887 F.3d 870, 885 (9th Cir. 2018) (personal identifying information); *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419-420 (7th Cir. 2014) (honoring rules of foreign nations); *Baxter Intern, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (minor victims); *Brown v. Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1180 (6th Cir. 1983) (trade secrets).

But, in the context of arbitration, courts routinely reject arguments that arbitration awards and supporting documents should be sealed merely to honor the parties' underlying confidentiality agreement related to their arbitration. *See*, *e.g., Grynberg v. BP P.L.C.,* 205 F.Supp.3d 1, 3-4 (D.D.C. 2016); *Redeemer Committee of Highland Credit Strategies Funds v. Highland Capital Management, L.P.,* 182 F.Supp.3d 128, 132-134 (S.D.N.Y. 2016); *Amerisure Mut. Ins. Co. v. Everest Reinsurance Co.*, 2014 WL 5481107 *2 (E.D. Mich. Oct. 29, 2014); *Century Indem. Co. v. AXA Belgium*, 2012 WL 4354816 at *13-14 (S.D.N.Y. Sept. 24, 2012); *Zimmer, Inc. v. Scott*, 2010 WL 3004237 at *2-3 (N.D. Ill. Jul. 28, 2010); *Zurich Am. Ins. Co. v. Rite Aid Corp.*, 345 F.Supp.2d 497, 504 (E.D. Pa. 2004). Indeed, as aptly stated by Judge Easterbrook of the Seventh Circuit "[p]eople who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

With these principles in mind, the Court finds little reason to seal the documents in this case. CAA Sports' only argument is that the parties are contractually bound to confidentiality. Be that as it may, and even if the confidentiality provision, by its terms, applied both to court proceedings and the underlying arbitration, it does not bind this Court—being an agreement solely between the parties. More importantly, though, CAA Sports does nothing to explain why its interest in the secrecy of the underlying arbitration with Dogra should outweigh the public's competing interest in free access to the judicial functioning of this Court. There is, for example, no suggestion that the arbitration award and supporting materials contain personal identifying information, implicate innocent third parties, or contain routinely protected information such as trade secrets or proprietary data. In fact, CAA Sports cites no law favoring its position—it cites no law at all.

It seems CAA Sports primary concern for seeking to seal documents in this case is to avoid media attention. That concern is patently insufficient to justify overriding the strong presumption of public access. Accordingly, CAA Sports' motion will be denied in part as relates to the four documents at issue.

That said, however, CAA Sports also mentions that there are some materials from the arbitration that have no relevancy to its action to vacate the award. CAA Sports does not specify what those materials are, but says the parties should be required "to consult [each other] before placing additional arbitration materials on the public record." In this limited context, the Court agrees and will grant CAA Sports' motion. *See, e.g., In Re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002) (noting the presumptive right

of access attaches only to those materials that "come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication"). In the event the parties continue to disagree over what materials should properly come before this Court, they may move for further relief.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that CAA Sports LLC.'s motion to seal (#4) is **GRANTED IN PART and DENIED IN PART.** The clerk is direct to unseal CAA Sports' Petition to Vacate and Exhibit A attached thereto, as well as CAA Sports' Motion to Vacate and Exhibit A attached thereto.

So ordered this 20th day of December 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE