UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAA SPORTS LLC., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | )   Case No. 4:18-cv-01887-SNLJ |
| | ) |
| BEN DOGRA, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on CAA Sports LLC.'s motion to vacate the parties' fourth supplemental award in arbitration. Also pending are three counterclaims Dogra filed as part of his "answer" to CAA's "petition," including a claim to confirm the award.[1] Having determined the award is not a final award, the case is **DISMISSED without prejudice**.

### I.    BACKGROUND

This case involves an ongoing dispute between CAA Sports and one of its former sport agents, Ben Dogra, regarding Dogra's termination in 2014. The parties arbitrated their dispute per the terms of their employment contract. On July 18, 2016, an arbitrator awarded monies to both parties based on various claims and counterclaims. The

---

[1] The Federal Arbitration Act envisions that all applications for relief "shall be made and heard in the manner provided by law for the making and hearing of motions[.]" 9 U.S.C. § 6. Thus, though Dogra has not moved to have his counterclaims heard, the Court nonetheless treats his counterclaims as a pending motion for relief. *See O.R. Securities, Inc. v. Professional Planning Assocs., Inc.*, 857 F.2d 742, 745 (11th Cir. 1988) (holding that Section 6 does not permit a party to initiate a judicial challenge to an award by way of a pleading, which would otherwise risk the possibility of what should be an expedited review ballooning into full-scale litigation).

computation of the monies owed to both sides was left open and unresolved. The arbitrator retained "jurisdiction with respect to all aspects of interpretation and implementation of the Award" for a period of 120 days, which could be extended "based on a written request" by the parties.

The arbitrator's continuing jurisdiction resulted in a first, second, third, and fourth supplemental award. CAA seeks vacatur of the fourth supplemental award, in which the arbitrator granted "post-award interest" to both parties based on apparent dilatory tactics—over a two-year period—by one or both sides to prevent either from being paid what they were owed under the original award. While noting the original award "denied all claims not granted," the arbitrator nonetheless concluded that

> [His] retained jurisdiction over all aspects of interpretation and implementation of the Award is broad enough to include authority to order a make-whole remedy, including an award of post-award interest. A request for post-award interest is not a separate claim, and so the denial of all claims not granted is not preclusive. An award of post-award interest is simply a recognition of the time value of money and does not constitute either a penalty nor a windfall.

The arbitrator did not calculate the amount of interest owed to either party, stating in pertinent part

> The [original] Award contains some due amounts readily ascertained or ascertainable, and others not ascertainable except through a full-blown audit … the principle of using post-award interest to reflect the loss of value resulting from the delays in receipt of awarded funds presumptively applies to all funds due to and from both parties, so such interest is appropriate only on the net amount due after all appropriate offsets and reconciliation.
>
> Only by a set of findings that one party was at fault for the delay and the other innocent could post-award interest be assess … The record present to

2

date is far too tangled, accusatory and conclusory to permit such a determination.

Only at the end of the process, when all payments are netted out and assessments of responsibility for delays made, would such determinations be possible. However, such a determination would be cumbersome, time-consuming and costly.

Therefore, the arbitrator did not determine what post-award interest, if any, was owed to either party. Nor did the arbitrator determine in the first instance the "net award" of [damages] due by the parties "after all offsets and reconciliation" are made, that is, the net amount on which interest is to be calculated. Instead, the fourth supplemental award simply concludes that "[t]he interest due on each claim shall be offset, with interest payable at the appropriate rate to the party receiving the larger net amount due, based on the cumulation and calculation of all claims paid."

CAA Sports concedes the arbitrator had, at the time of the fourth supplemental award was issued, the jurisdictional authority "necessary to interpret or implement the Opinion and Award." However, it seeks to vacate the fourth supplemental award because, in awarding interest, the arbitrator "was not [deciding] a matter of interpretation and implementation[,] but rather [granted] wholly new relief not previously raised by the parties or address in the Award."

Meanwhile, Dogra asserts three counterclaims seeking: (1) to confirm the award in total (including all four supplements); (2) to obtain "post-award prejudgment interest" between the time period of the original award and the fourth supplemental award; and (3) to obtain a declaration that "the Award is not confidential" and may, therefore, be made "public in full."

3

## II. ANALYSIS

This Court finds that it is premature to decide the issues before it because the award was not final. In *Local 36, Sheet Metal Workers Intern. Ass'n, AFL-CIO v. Pevely Sheet Metal Co.*, 951 F.2d, 947 (8th Cir. 1992)—a labor arbitration case—the court held that, "[f]or an arbitration to be final and therefore federal court jurisdiction to be proper, there must be a 'complete arbitration.'" *Id.* at 949-50. Under this so-called "complete arbitration rule," the arbitration was not complete because the arbitrator determined liability but failed to determine the amount of damages even though he was obligated to do so. *Id*. Accordingly, the court had no jurisdiction to entertain enforcement of the award. *Id*.; *see also Wooten v. Fisher Investments, Inc.*, 688 F.3d 487, 491 (8th Cir. 2012).

Though there has been little other explanation of the complete arbitration rule in the Eighth Circuit, it is certainly designed to avoid piecemeal litigation and repeated judicial review, much like the jurisdictional rule of 28 U. S. C. § 1291, which requires in the case of a district court's judgment that it be a final judgment in order to be appealable. But as one court has observed, referring to the Federal Arbitration Act, there is "no statute corresponding to section 1291 [that] tells the courts when an arbitration award is ripe for judicial enforcement or review." *Smart v. International Brother. of Elec. Workers, Local 702*, 315 F. 3d 721, 725 (7th Cir. 2002). In the absence of a statutory grant of jurisdiction, it is unclear why some courts refer to the complete arbitration rule only in jurisdictional terms.

In fact, at least three circuits—the Third, Fourth, and Ninth—have expressly held, after extensive consideration, that the complete arbitration rule is not based on subject-matter jurisdiction. In *Union Switch & Signal Div. American Standard, Inc. v. United Elec., Radio and Mach. Workers of America, Local 610*, 900 F.2d 608 (3d Cir. 1990), the court held that "the complete arbitration rule, while a cardinal and salutary rule of judicial administration, is not a limitation on a district court's jurisdiction." *Id*. at 613 (citing *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987)). In this regard, the *Union Switch* court noted that, in *Steelworkers v. Enterprise Corp*., the United States Supreme Court, itself, did not view the incompleteness of an arbitration award as fatal to its jurisdiction. *See* 363 U.S. 593 (1960).

The Fourth Circuit, then, in yet another labor arbitration case, also maintains that "the complete arbitration rule does not concern federal subject matter jurisdiction in the strict sense … but necessarily constitutes only a prudential limitation on a court's authority to review a labor arbitrator's decision." *Peabody Holding Co., LLC v. United Marine Workers of America, Int'l Union, Unincorporated Ass'n.,* 815 F.3d 154, 159 (4th Cir. 2016). The court then explained:

> Although only prudential, the complete arbitration rule nonetheless draws from the same well of policy rationales as its strictly jurisdictional relatives. As noted, under 28 U.S.C. § 1291, a district court generally must have entered a final judgment or order before a court of appeals can take the case. This requirement "preserves judicial economy by ensuring that a district court maintains authority over a case until it issues a final and appealable order, thus preventing piecemeal litigation and repeated appeals.
>
> The complete arbitration rule promotes similar ends. It ensures that courts will not become incessantly dragooned into deciding narrow questions that form only a small part of a wider dispute otherwise entrusted to arbitration.

5

> And it mitigates the possibility of one party using an open courthouse door to delay the arbitration. Finally, it makes good sense, when working within a hierarchical system, to give the decision maker at each level a full and fair say as to the whole problem before passing the case on to the next stage of review. Internal appeals in the state and federal courts generally abide by this principle, and there is no reason that it should not operate as a presumptive maxim in this context as well.

*Id.* at 159-60 (citation omitted).

All this is to say that the complete arbitration rule appears to be more properly based on a prudential limitation on the court's authority to review an arbitration award rather than on the court's subject-matter jurisdiction. Moreover, although the cases cited all involve labor arbitration awards, the rationale applies no less to all awards under the Federal Arbitration Act.[2] Of course, it is not this Court's prerogative to adopt one rationale over another given the Eighth Circuit cases on the books; but, suffice it to say that the complete arbitration rule under either rationale leads to the conclusion in this case that this Court should decline to review the award because it is not a final award.

The case at hand is a tangled mess. There remains a dispute about what Dogra and/or CAA is owed pursuant to the original award. Confusing and time consuming as those computational issues may be, it is not for this Court to decide them. To be sure, the arbitrator wants out, but his reason for declining to participate is that even though the

---

[2] This Court is also cognizant of a provision of the Federal Arbitration Act, 9 U.S.C. § 10(a), which sets out the grounds for vacating a non-final award, stating in pertinent part: "[The District Court] may make an order vacating the award … (4) where the arbitrator exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." Application of this provision is problematic. The Federal Arbitration Act "bestows no federal jurisdiction but rather requires … an independent jurisdictional basis." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Therefore, in the absence of a statute conveying jurisdiction, it is unclear what jurisdictional basis would exist under Section 10(a)(4) to review an arbitral award that is not final. In any event, having determined there is no final award under the complete arbitration rule, it is unnecessary to consider Section 10(a)(4).

parties charged him all along with interpreting and implementing the award, and despite the ongoing damages issues, the parties have not made a joint request for him to continue.

CAA challenges the part of the award that grants "post-award interest," a determination the arbitrator made in his continuing effort to interpret and implement the award. But again, there has been no calculation as to the amount of the award, much less even the net amount of the award on which the interest calculation is to be made. CAA requests, then, in effect, an interlocutory review of the propriety of awarding any amount of post-award interest, without first determining what amounts, if any, are actually owed.

Dogra's position, on the other hand, is that he seeks to confirm the award, having established some of the amounts on which interest should be calculated, even though he "has not included amounts on which CAA is entitled to an offset pursuant to the Arbitrator's Award," and "CAA is free to make a claim for those amounts." He continues:

> Additional amounts were awarded to Dogra by the Arbitrator, and Dogra will seek to confirm the Arbitrator's award of post-award prejudgment interest on those amounts at the appropriate time. Those amounts include Net Team Contract Revenues for the 2016 NFL Season and Team Contract Revenues for the 2017 NFL Season. . . The parties are engaging in an audit process that will likely reveal additional amounts to which Dogra is entitled pursuant to the original Opinion and Award. Dogra will seek to confirm the Arbitrator's award of post-award prejudgment interest on those amounts at the appropriate time.

This is exactly the kind of piecemeal litigation the complete arbitration rule is designed to avoid. Because of the ongoing disputes over damages, there is no final award for this Court to act upon. Accordingly, this Court declines to review the case, and the case is hereby dismissed without prejudice. An order of dismissal shall follow.

**SO ORDERED** this 28th day of February, 2019.

                                                          _____
                                                          STEPHEN N. LIMBAUGH, JR.
                                                          UNITED STATES DISTRICT JUDGE